PEOPLE ex rel. JONES v. THOMPSON.

(Supreme Court, Appellate Division, Second Department.   November 24, 1911.)

1. MUNICIPAL CORPORATIONS (§ 162*)—SALARIES—CERTIFICATION OF MUNICIPAL SERVICE COMMISSION.
    Civil Service Law (Laws 1909, c. 15 [Consol. Laws 1909, c. 7]) § 20, providing that, before the issuance of a warrant for the payment of salaries of officers of a city, the pay rolls shall bear the certificate of the municipal civil service commission of the city, limits the duty of certification to the municipal civil service commission, and does not require the commissioner of a department of the city government to certify a pay roll to the commission.
    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 162.*]

2. MANDAMUS (§ 68*)—PERFORMANCE OF OFFICIAL DUTY.
    Mandamus does not lie to compel performance of a duty by an official, where such duty is not imposed by law.
    [Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 68.*]

Appeal from Special Term, Kings County.

Mandamus by the People, on the relation of Theron Jones against Henry S. Thompson, Commissioner of Water Supply, Gas, and Electricity of the City of New York, to compel defendant to certify to the Municipal Civil Service Commission pay rolls covering the salary to be paid to relator. From an order granting a peremptory writ, defendant appeals. Reversed, and application denied.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, BURR, and CARR, JJ.

James D. Bell, for appellant.

Jacob L. Holtzmann (Charles B. Law, on the brief), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HIRSCHBERG, J. The relator is a telephone operator in the department of water supply, gas, and electricity of the city of New York, and for some reason undisclosed his salary has not been paid for the month of June, 1910, and the succeeding months to and including the month of February, 1911. The order appealed from grants a peremptory writ of mandamus, compelling the appellant, as commissioner of water supply, gas, and electricity, to forthwith certify to the municipal civil service commission of the city of New York pay rolls or supplemental pay rolls covering such salary, to the end that the relator may be paid. It appears that the appellant has furnished in the ordinary course of the business of the department pay rolls containing the name of the relator, as telephone operator, to the municipal civil service commission, including all the months in question, and no reason appears for the failure to pay the salary. The appeal is taken on the ground that the law does not require a certification by the appellant of such pay rolls.

[1] The authorities asserted by the learned counsel for the respondent as requiring a certification by the appellant of the pay rolls furnished to the municipal civil service commission are section 20 of the civil service law (chapter 15, Laws of 1909, being Consol. Laws 1909, c. 7) and an unreported case at Special Term, entitled People ex rel. Meany v. Metz, said to be filed in the Kings county clerk's office July 27, 1909. The opinion handed down in the case alluded to, as printed in the respondent's points herein, alleges:

"That certification is an essential prerequisite to the issuance of a salary warrant. Section 19, Civil Service Law."

Section 19 of the civil service law appears to have no relation whatever to the question of certification. Section 20 of said law does relate to certification; but it provides that, before a warrant is issued for the payment of salaries, the pay rolls—

"shall bear the certificate of the state civil service commission, or in case of the service of a city, the certificate of the *municipal civil service commission* of such city."

The section further provides that any person entitled so to be certified, who has been refused such certification, may maintain a proceeding by mandamus to compel the commission to issue the same. The section, therefore, in express terms limits the duty of certification to the municipal civil service commission, and does not embrace in any form or for any reason the appellant herein. In other words, the certification is to be *by*, not *to*, the municipal civil service commission.

[2] Mandamus will not lie to compel performance of a duty by an official, which duty is not imposed by law; and as no legal obligation appears to be imposed on the appellant to do more than he has already done, it follows that the order granting the writ must be reversed, and the application denied.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.